

## NUMBER 13-17-00618-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE PABLO SERGIO ORTEGA AND JULIA ORTEGA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez[1]

Relators Pablo Sergio Ortega and Julia Ortega filed a petition for writ of mandamus in the above cause seeking to compel the county court to dismiss the underlying case regarding enforcement of a restrictive covenant. By two issues, relators assert that the county court lacks jurisdiction over the appeal filed by real party in interest, Omar Jasso, from the justice of the peace court because (1) the appeal was not filed timely, and (2) the county court did not rule on the real party's attempted appeal within seventy-five days.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*See* TEX. R. CIV. P. 329b(c) (providing that a motion for new trial is overruled by operation of law if not determined by written order within seventy-five days after the judgment was signed); *id.* R. 506.1 (stating that a party may appeal a judgment from justice court by "filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs" with the justice court within twenty-one days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied").

This Court requested that Jasso, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. In response to our directive, Jasso filed a letter with this Court stating that he understood that relators would not be pursuing the petition for writ of mandamus based on discussions between the parties at a hearing in county court, and therefore, Jasso would not be filing a response to the petition for writ of mandamus.

Relators have now filed an amended unopposed motion to abate this original proceeding. Relators contend that this mandamus is "unripe" because the trial court has ordered the real parties to attempt to obtain a cost bond from the justice of the peace court. Relators request that we abate this matter "to allow the trial court to act upon the issues under mandamus review, to allow the issue to fully ripen and effectuate the jurisdiction of the current matter."

The Court, having examined and fully considered the amended motion to abate, is of the opinion that the matter should instead be dismissed without prejudice to relators' right to refile the petition for writ of mandamus if necessary. If the underlying matter is not resolved and relators seek to refile the petition for writ of mandamus, the Court will

2

not assess filing fees for those pleadings. Accordingly, relators' motion to abate is DENIED and the petition for writ of mandamus is DISMISSED without prejudice. *See* TEX. R. APP. P. 52.8(a).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 13th
day of December, 2017.